Filing # 10986464 Electronically Filed 03/05/2014 02:35:28 PM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
CLAY COUNTY, FLORIDA

CASE NO.:
DIVISION:

CODY WILLIAMS, an individual,

    Plaintiff,

v.

RICK BESELER, as Sheriff of Clay County,
J.A. TOON, Clay County Deputy, and
J.R. HAWKINS, Clay County Detective,

    Defendants.

_____/

## COMPLAINT

Plaintiff, CODY WILLIAMS (Herein "Plaintiff"), sues Defendants, RICK BESELER, as Sheriff of Clay County, (Herein "BESELER"), J.A. TOON, (Herein "TOON), and J.R. HAWKINS (Herein "HAWKINS") and alleges:

1. This is an action for damages that exceed $15,000.00.

2. At all times material, Plaintiff resided at 1318 Bonaventure Avenue, Green Cove Springs, Florida 32043.

3. At all times material, BESELER was the elected Sheriff of Clay County, Florida.

4. At all times material, TOON was a deputy of Clay County Sheriff's Office, and was employed by BESELER.

5. At all times material, HAWKINS was a detective of Clay County Sheriff's Office, and was employed by BESELER.

6. On or about June 3rd, 2013, HAWKINS received a sworn statement from V.H, who alleged that a Cody Williams had sex with an underage person. HAWKINS failed to receive a physical description, birthday, middle initial, or address of the alleged perpetrator from V.H.

7. On or about August 5, 2013, HAWKINS received a sworn statement from Z.H. who alleged that a Cody Williams had sex with an underage person. HAWKINS failed to receive a physical description, birthday, middle initial, or address of the alleged perpetrator from Z.H.

8. On or about 08/27/2013, HAWKINS signed a charging affidavit accusing the wrong man, Plaintiff, as the perpetrator who unlawfully had sex with an underage person.

9. In the charging affidavit, HAWKINS negligently listed Plaintiff's birth date of 02/18/1995, his height as 6'1, his weight as 160, and address of 1318 Bonaventure Avenue, Green Cove Springs, Florida 32043, instead of listing the alleged perpetrator, Cody Raymond Williams' birth date of 08/12/1995, his height of 6'4, weight of 190 pounds, and address of 4760 Cumberland Cove Court, Jacksonville, Florida 32257.

10. On or about August 30, 2013, TOON, acting in his capacity as a deputy employed by BESELER, arrested Plaintiff at his residence located at 1318 Bonaventure Avenue, Green Cove Springs, Florida 32043.

11. Plaintiff claimed that TOON had arrested the wrong Cody Williams and stated that he knew the alleged perpetrator, Cody Raymond Williams, and was then confined in jail for 35 days.

## COUNT I - FALSE ARREST/FALSE IMPRISONMENT CLAIM, DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. SECTION 1983

12. BESELER'S employees, acting in the course and scope of their duties, physically deprived Plaintiff of his freedom and liberty and restrained Plaintiff's movements both at the scene of the arrest and in jail thereafter.

13. Plaintiff did not consent to the aforementioned actions of BESELER'S employees, and said actions were against Plaintiff's will.

14. The restraint of Plaintiff was unlawful and unreasonable because BESELER'S employees did not reasonably inquire about basic facts concerning the alleged perpetrator nor did BESELER'S employees obtain a proper physical description and address of the alleged perpetrator from the witnesses, V.I or Z.H.

15. By failing to reasonably inquire about the basic facts and receive a proper physical description of the alleged perpetrator, BESELER and his employees committed an unreasonable mistake and did not have a valid warrant for the arrest of Plaintiff.

16. Defendants in all of their actions described in this Complaint, deprived Plaintiff of his rights under Color of State Law directly in violation of 42 U.S.C. Section 1983.

17. As a result of the false arrest, Plaintiff was deprived of his civil rights guaranteed by the Fourth Amendment and Fourteenth of the Constitution, suffered humiliation, degradation, apprehension for his bodily security, and other mental and emotional harms, which continue to this day and are likely to continue into the future.

18. Plaintiff is entitled to attorney's fees expended in this litigation pursuant to 42 U.S.C. Section 1988.

WHEREFORE, Plaintiff demands judgment for compensatory damages against Defendants and an award of reasonable attorney's fees and court costs pursuant to 42 U.S.C. Section 1983 and 1988 and demands a trial by jury on all issues so triable.

Dated this _____ day of March, 2014.

                                THE LAW OFFICE OF NOONEY & ROBERTS

                                _____
                                Kristopher M. Nowicki, Esq.
                                Florida Bar No. 89175
                                1680 Emerson Street
                                Jacksonville, FL 32207
                                (904)398-1992 telephone
                                (904)858-9943 facsimile
                                Attorney for the Plaintiff
                                knowicki@nooneyandroberts.com